**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOSEPH R. TOMELLERI

                                       Plaintiff,

v.                                             Case No.: 1:20-cv-04687
                                                  Honorable Gary Feinerman

Ray Stare d/b/a XTASEA IV SPORTFISHING

                                       Defendant.

_____

**PLAINTIFF'S INITIAL STATUS REPORT**

Pursuant to the docket entry by the Clerk on Tuesday, August 11, 2020, Plaintiff, by and through his attorneys, submits this Initial Status Report without input from Defendant, who has not been served.

**A.**   **Nature of the Case**

    1.     Attorneys of record, and lead trial counsel, for each party.

          Plaintiff is represented by attorneys Jesse Lanshe and Oliver Maguire of the law firm of Evans & Dixon, LLC. Attorney Maguire is awaiting the Court's CM/ECF system to generate a username and password in order to file a motion for leave to appear pro hac vice. Attorney Maguire will be designated as lead counsel as soon as his appearance has been entered. Plaintiff is unaware of any representation for Defendant.

    2.     Basis for federal jurisdiction.

          Plaintiff alleges a claim of copyright infringement under 17 U.S.C. § 501. As such federal jurisdiction is based on 28 U.S.C §§ 1331 and 1338(a) as a federal question.

3.      Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.

Plaintiff brings a claim for copyright infringement under 17 U.S.C. § 501 for five (5) of his illustrations used by Defendant without authorization. Plaintiff's claim for actual damages is unknown at this point. Under 17 U.S.C. § 504, Plaintiff has a claim for statutory damages for the five (5) illustrations as willful or non-willful infringement. Plaintiff, as a prevailing party, has a claim for his costs and attorney fees under 17 U.S.C. § 505.

4.      Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.

Plaintiff believes that Defendant will answer the complaint once he has been served.

5.      Principal legal and factual issues.

The principal legal and factual issues in this action is whether Defendant copied Plaintiff's illustrations without authorization and the extent of Plaintiff's damages for the unauthorized damages.

6.      Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.

Defendant Ray Stare doing business as XTASEA IV SPORTFISHING has not been served with process. Plaintiff has attempted to seek a waiver of service of process from Defendant under Rule 4(d). Plaintiff has not received a response

to the requested waiver. Plaintiff is currently seeking service on Defendant through the Lake County, Illinois Sheriff Department.

**B. Proceedings to Date**

    1.    Summary of all substantive rulings (including discovery rulings) to date.

        There are no substantive rulings in this action to date.

    2.    Description of all pending motions, including date of filing and briefing schedule.

        There are no pending motions before the Court at this time. As stated above, Plaintiff intends to file a motion for leave to appear pro hac vice for attorney Oliver Maguire once he receives a username and password from the Court's CM/ECF.

**C. Discovery and Case Plan**

    1.    Summary of discovery, formal and informal, that has already occurred.

        No discovery has taken place as of the date of this report.

    2.    Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

        Plaintiff anticipates that discovery will encompass electronically stored information. Once Defendant has been served, the parties will confer to plan for ESI discovery.

    3.    Proposed scheduling order.

        As Defendant has not yet been served, a proposed scheduling order at this point is premature.

    4.    Whether there has been a jury demand.

Plaintiff has demanded a jury trial.

5.      Estimated length of trial.

Plaintiff anticipate a jury trial of three (3) to five (5) days.

D.  Settlement

1.      Describe settlement discussions to date and whether those discussions remain

ongoing.

The parties have not engaged in settlement discussions as of the date of this

Report.

2.      Whether the parties request a settlement conference.

Plaintiff requests a settlement at a mutually convenient date and time for the

parties and the Court.

E.  Magistrate Judge

1.      Whether the parties consent to proceed before a magistrate judge for all

purposes.

As Defendant has not yet been served, the parties have not had an opportunity

to confer regarding consent to proceed before a magistrate judge.

2.      Any particular matters that already have been referred to the magistrate judge,

and the status of those proceedings.

Plaintiff is unaware of any particular matters that already have been referred

to the magistrate judge.

Dated: September 29, 2020.                      Respectfully submitted,

**EVANS & DIXON, LLC**

/s/ Jesse Lanshe
Jesse Lanshe

303 W. Madison Street, Suite 1900
Chicago, IL 60606
Telephone: (312) 924-7266
Fax: (312) 797-6866
Email: jlanshe@evans-dixon.com

and

Oliver P. Maguire
(*pro hac vice* motion forthcoming)
Corporate Woods | Building 82
10851 Mastin Boulevard, Suite 900
Overland Park, KS 66210
Telephone: 913-701-6810
Fax: 913-341-2293
Email: copyright@evans-dixon.com

**ATTORNEYS FOR PLAINTIFF**
**JOSEPH R. TOMELLERI**